| | |
|---|---|
| **FITAPELLI & SCHAFFER, LLP**<br>Joseph A. Fitapelli<br>Frank J. Mazzaferro<br>28 Liberty St. 30th Floor<br>New York, NY 10005<br>Telephone: (212) 300-0375 | **BRUCKNER BURCH PLLC**<br>Richard J. Burch (*Pro Hac Vice forthcoming*)<br>Texas State Bar 24001807<br>8 Greenway Plaza, Suite 1500<br>Houston, Texas 77046<br>Telephone: (713) 877-8788 |

*Attorneys for Plaintiff and the Classes*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN THORNHILL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff<br><br>v.<br><br>HESS CORPORATION,<br><br>        Defendant. | CASE NO: |

# COLLECTIVE/CLASS ACTION COMPLAINT

### SUMMARY

1. Hess Corporation (Hess) failed to pay certain oilfield workers overtime as required by state and federal law.

2. These workers regularly work more than 40 hours a week, Hess does not pay them overtime.

3. Instead, Hess pays them a fixed amount per day worked in the field regardless of the amount of hours they work.

4. Hess's policy of paying these employees a day rate, with no overtime pay, violates the Fair Labor Standards Act (FLSA) and various state laws (including, *inter alia*, North Dakota law).

1

5. This collective and class action seeks to recover the unpaid wages and other damages owed to these workers.

## JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over the state law overtime claims because they arise from a common nucleus of operative facts.

8. This Court has personal jurisdiction over all the claims against Hess because Hess is domiciled in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) & (c) because Hess resides in this District, and a substantial part of the events alleged herein occurred in this District.

## PARTIES

10. Kevin Thornhill ("Thornhill"), is an adult individual who worked for Hess.

11. Hess employed Thornhill as a Rig Clerk from approximately January 2014 to April 2015.

12. As a Rig Clerk, Thornhill's duties included coordinating deliveries, ordering supplies, checking on the status of supplies, and other non-exempt work.

13. Hess hired Thornhill after interviewing him for the position.

14. Hess paid for Thornhill's work according to its "day rate" policy.

15. Information related to Thornhill's pay rate is reflected in Hess's pay documents.

16. Hess told Thornhill he would need to go through a contracting company to be paid.

17. However, all the work Thornhill performed was on Hess's locations, under Hess's direction, and for Hess's benefit.

18. Thornhill's written consent to this action is attached.

19. Thornhill brings this action on behalf of himself and all other similarly situated Rig Clerks who were paid on Hess's day rate system (the "Day Rate Workers").

20. Hess paid each of the Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

21. Hess is headquartered in New York, New York.

## FACTS

22. Hess is a "global independent energy company engaged in the exploration and production of crude oil and natural gas."[1]

23. Hess's employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

24. Hess's annual gross revenues have exceeded $1,000,000,000 in each of the last 3 years.

25. Hess operates in several different oil and gas fields, including the Utica, Bakken, and Permian Basins.[2]

26. Over the past three years, Hess employed dozens of individuals – including Thornhill – as Rig Clerks (or similar positions) in several states.

27. All these workers performed similar job duties out in the oilfield.

28. These workers work long hours.

29. Throughout his employment (approximately January 2014 to April 2015), Thornhill typically worked a rotation of 14 days on, 14 days off.

30. Thornhill regularly worked 14 days in a row, he occasionally worked more.

---

[1] http://www.hess.com/
[2] http://www.hess.com/operations/operations-map

31. Hess scheduled Thornhill for a 12-hour shift (or "tour") for each day he worked.

32. Therefore, a typical workday for Thornhill was 12 hours long.

33. Thornhill regularly worked 84 hours a week.

34. Hess's records show the days Thornhill worked, as well as the fact he regularly worked as many as 7 days in a week.

35. Hess knows Thornhill, and the other workers like him, worked more than 40 hours in a week.

36. Hess knows these workers are not exempt from the FLSA's overtime provisions.

37. Nonetheless, Hess failed to pay Thornhill and the other Day Rate Workers overtime for those hours exceeding 40 in a workweek.

38. Instead, Hess pays these workers a day rate for each day worked.

39. Hess is well aware of the overtime requirements of the FLSA.

40. Hess has been involved in more than half a dozen wage and hour case in the past decade alone.

41. In addition, Hess has been investigated by the United States Department of Labor and found in violation of the FLSA.

42. Hess knew, or showed recklessdisregard for whether, the conduct described in this Complaint violated the FLSA and North Dakota law.

43. At all relevant times, Hess maintained control, oversight, and direction over Thornhill and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

44. Hess applied the same employment policies, practices, and procedures to all Rig Clerks including policies, practices, and procedures with respect to payment of overtime compensation.

**COLLECTIVE ALLEGATIONS**

45. Thornhill brings the First Causes of Action, an FLSA claim, on behalf of himself and all similarly situated persons, who elect to opt-in to this action (the "FLSA Collective").

46. Hess is liable under the FLSA for, inter alia, failing to properly compensate Thornhill and the FLSA Collective.

47. Consistent with Hess' policy and pattern or practice, Thornhill and the FLSA Collective were not paid premium overtime compensation for all hours worked beyond 40 per workweek.

48. All of the work that Thornhill and the FLSA Collective have performed has been assigned by Hess, and/or Hess has been aware of all of the work that Thornhill and the FLSA Collective have performed.

49. As part of their regular business practice, Hess intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Thornhill and the FLSA Collective. This policy, pattern, and/or practice includes, but is not limited to:

   (a) willfully failing to pay their employees, including Thornhill and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

   (b) willfully failing to record all of the time that their employees, including Thornhill and the FLSA Collective, have worked for the benefit of Hess.

**CLASS ALLEGATIONS**

50. Thornhill brings the Second Cause of Action, a North Dakota state law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who worked as a Rig Clerk and other similarly situated Day Rate Workers for Hess in North Dakota between August 11, 2015 and the date of final judgment in this matter (the "Rule 23 Class").

51. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

52. There are more than fifty Rule 23 Class Members.

53. Thornhill's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

54. Thornhill and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Hess' common policies, practices, and patterns of conduct. Hess' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Hess benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

55. Thornhill is able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

56. Thornhill is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

58. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Thornhill and the Rule 23 Class Members individually and include, but are not limited to, the following:

  (a) whether Hess correctly compensated Thornhill and the Rule 23 Class for hours worked in excess of 40 per workweek;

  (b) whether Hess applied its "day rate" pay policy to all members of the Rule 23 class; and

  (c) whether Hess's "day rate" pay policy violates the "salary" requirement of North Dakota law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

59. Thornhill incorporates all preceding paragraphs by reference.

60. Hess has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

61. At all relevant times, Thornhill and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Hess employed Thornhill and the FLSA Collective.

63. The overtime wage provisions of the FLSA apply to Hess.

64. At all relevant times, Hess has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. At all times relevant, Thornhill and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

66. Hess has failed to pay Thornhill and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

67. Hess's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

68. Hess has not made a good faith effort to comply with the FLSA with respect to its' compensation of Thornhill and the FLSA Collective.

69. Because Hess's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of Hess's willful violations of the FLSA, Thornhill and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

71. As a result of the unlawful acts of Hess, Thornhill and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### North Dakota Law – Overtime Wages

72. Thornhill incorporates all preceding paragraphs by reference.

73. Hess has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

74. The conduct alleged violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

75. At all relevant times, Hess was subject to the requirements of the North Dakota Wage Laws.

76. At all relevant times, Hess employed each member of the North Dakota Class as an "employee" within the meaning of the North Dakota Wage Laws.

77. The North Dakota Wage Laws require an employer like Hess to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

78. Thornhill and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

79. Within the relevant period, Hess had a policy and practice of failing to pay overtime to Thornhill and each member of the North Dakota Class for hours worked in excess of 40 hours per workweek.

80. Thornhill and each member of the North Dakota Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

81. Thornhill and each member of the North Dakota Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by Hess, as provided by North Dakota law.

**PRAYER**

**WHEREFORE**, Thornhill, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Thornhill be allowed to give notice of this collective action, or that the Court issue such notice, to all Rig Clerk and other similarly situated Day Rate Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Hess. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.	Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.	Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.	Designation of Thornhill as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.	Unpaid overtime wages and liquidated damages permitted by law pursuant to the North Dakota Wage Laws and the supporting ND Department of Labor Regulations;

F.	Prejudgment and post-judgment interest;

G.	Reasonable attorneys' fees and costs of the action; and

H.	Such other relief as this Court shall deem just and proper.

Dated: August 11, 2017          Respectfully submitted,
       New York, New York

                                 /s/ Joseph A. Fitapelli
                                Joseph A. Fitapelli


                                **FITAPELLI & SCHAFFER, LLP**
                                Joseph A. Fitapelli
                                Frank J. Mazzaferro
                                28 Liberty Street, 30th Floor
                                New York, New York 10005
                                Telephone: (212) 300-0375

                                **BRUCKNER BURCH PLLC**
                                Richard J. (Rex) Burch (*pro hac vice motion forthcoming*)
                                8 Greenway Plaza, Suite 1500
                                Houston, Texas 77046
                                Telephone: (713) 877-8788

                                Michael A. Josephson (*pro hac vice motion forthcoming*)
                                Texas Bar No. 24014780
                                **Josephson Dunlap Law Firm**
                                11 Greenway Plaza, Ste. 3050
                                Houston, Texas 77046
                                Telephone: (713) 352-1100