UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KEVIN THORNHILL, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**HESS CORPORATION,**<br><br>**Defendant.** | Case No. 17-cv-06060 (KNF) |

<u>**NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE**</u>

Plaintiffs Kevin Thornhill ("Plaintiff Thornhill') and Caleb Berlin ("Plaintiff Berlin," collectively with Plaintiff Thornhill "Plaintiffs") and Defendant Hess Corporation, including any entities created, owned, or controlled by Hess Corporation, ("Defendant" and together with Plaintiffs, the "Parties") desire to settle and fully resolve all Fair Labor Standards Act ("FLSA"), North Dakota Century Code Title 34, and the North Dakota Minimum Wage and Work Conditions Order (collectively the "North Dakota Wage Laws") overtime claims that have been or could have been brought against Defendant by Plaintiffs, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiffs' claims against Defendant in the lawsuit captioned *Thornhill v. Hess Corporation*, Case No. 17-cv-06060 (KNF), pending in the United States District Court for the Southern District of New York ("Lawsuit").

**WHEREAS**, Plaintiff Thornhill, on behalf of himself and of all others similarly situated, filed a Complaint dated August 11, 2017, alleging that Defendant violated the FLSA and the North Dakota Wage Laws by, *inter alia*, failing to properly pay overtime wages ("the Complaint");

**WHEREAS,** Plaintiff Berlin filed a "Consent to Join Wage Claim" on August 23, 2017 thereby consenting to participate in the lawsuit;

**WHEREAS,** no motion for conditional certification of an FLSA collective action or for Rule 23 was filed and no collective or class certification was granted;

**WHEREAS**, Plaintiffs now individually desire to resolve, settle, and agree to dismiss with prejudice all FLSA or North Dakota Wage Laws overtime claims which they have or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged overtime-related violation of the FLSA, North Dakota Wage Laws, and any other claim for unpaid overtime, including related claims for attorneys' fees and costs, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement. This action is taken solely on Plaintiffs' own behalves, and not on behalf of any other person similarly situated.

**NOW THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

1.  **Consideration**. In consideration for Plaintiffs' timely signing of this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiffs contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiffs with the total settlement sum of One Hundred Twenty Thousand Dollars and Zero Cents ($120,000.00) ("the Settlement Sum") in consideration for and in full satisfaction of all FLSA and North Dakota Wage Laws overtime claims Plaintiffs may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of their respective executions of the Agreement. Such payment shall be apportioned among Plaintiffs and Plaintiffs' counsel as follows:

    a.  One check made payable to "Kevin Thornhill" in the amount of $32,621.96, in full satisfaction of all FLSA and North Dakota Wage Laws claims and for all claims Plaintiff Thornhill may have for alleged liquidated damages, and interest, which shall be reportable on an IRS Form 1099 issued to Plaintiff on or before January 31, 2019;

    b.  One check made payable to "Caleb Berlin" in the amount of $46,962.88, in full satisfaction of all FLSA and North Dakota Wage Laws claims and for all claims Plaintiff Berlin may have for alleged liquidated damages, and interest, which shall be reportable on an IRS Form 1099 issued to Plaintiff on or before January 31, 2019;

    c.  One check made payable to "Fitapelli & Schaffer LLP, as attorneys for Kevin Thornhill and Caleb Berlin" in the amount of $40,415.16, as payment for attorneys' fees and costs, which shall be reportable on dual IRS Forms 1099 issued to Fitapelli & Schaffer LLP and to Plaintiffs before January 31, 2019;

    d.  The payments set forth in paragraphs "1(a)," "1(b)," and "1(c)," will be sent to Plaintiffs' counsel of record Joseph A. Fitapelli, Esq., within ten (10) business days of the latest of the following: (i) Defendant's counsel being in receipt of this Agreement executed by Plaintiffs, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiffs' counsel, along with IRS Forms W-9 executed by Plaintiffs and Plaintiffs' counsel; and (ii) Defendant's counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiffs' Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

    e.  **Indemnification**. Plaintiffs shall be responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the amounts described in paragraphs "1(a)," and "1(b)." Plaintiffs further agree to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with the amounts described in paragraph "1(a)," and "1(b)." Plaintiffs acknowledge that they have not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement**. Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All FLSA and North Dakota Wage Laws Overtime Claims**. Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, and each of its current and former employees, officers, directors, trustees, administrators, executors, agents, attorneys, insurers, reinsurers, estates, beneficiaries, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any FLSA or North Dakota Wage Laws overtime claims which they have or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged overtime-related violation of the FLSA, North Dakota Wage Laws, and any other claim for unpaid overtime, including related claims for attorneys' fees and costs, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement.

4. **Acknowledgements and Affirmations**. Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party or parties to any claim against Defendant except for their claims in the Lawsuit, which they agree to the dismissal of with prejudice.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if such an administrative claim is made, and that claim concerns unpaid overtime under the FLSA or North Dakota Wage Laws, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure**. After this Agreement and the Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiffs' Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, Plaintiffs on behalf of the Plaintiffs will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Moreover, nothing herein shall be deemed or construed as an admission or evidence that Plaintiffs were employees of Defendant.

8. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto relating to the resolution of Plaintiffs' FLSA and North Dakota Wage Laws overtime claims, and fully supersedes any prior agreements or understandings between the Parties relating to the FLSA and North Dakota Wage Laws overtime claims. Plaintiffs acknowledge that they have no FLSA claims or North Dakota Wage Laws overtime claims apart from those released herein, and have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

KEVIN THORNHILL

Dated: 4/12/2018, 2018

*Kevin Thornhill* (DocuSigned)
Kevin Thornhill

CALEB BERLIN

Dated: 4/12/2018, 2018

*Caleb Berlin* (DocuSigned)
Caleb Berlin

HESS CORPORATION

Dated: _____, 2018

_____
Jason R. Wiley
Associate General Counsel, Litigation

-4-

7. **No Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Moreover, nothing herein shall be deemed or construed as an admission or evidence that Plaintiffs were employees of Defendant.

8. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto relating to the resolution of Plaintiffs' FLSA and North Dakota Wage Laws overtime claims, and fully supersedes any prior agreements or understandings between the Parties relating to the FLSA and North Dakota Wage Laws overtime claims. Plaintiffs acknowledge that they have no FLSA claims or North Dakota Wage Laws overtime claims apart from those released herein, and have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

KEVIN THORNHILL

Dated:_____, 2018

_____
Kevin Thornhill

CALEB BERLIN

Dated:_____, 2018

_____
Caleb Berlin

HESS CORPORATION

Dated: 4 - 13 , 2018

_____
Jason R. Wiley
Associate General Counsel, Litigation

-4-

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN THORNHILL, on behalf of himself and all others similarly situated,

    Plaintiff,

-against-

HESS CORPORATION,

    Defendant.

Case No. 17-cv-06060
(VEC)(KNF)

### STIPULATION AND PROPOSED ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Kevin Thornhill and Caleb Berlin ("Plaintiffs") and Defendant Hess Corporation ("Defendant"), by and through their undersigned counsel, that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

    Respectfully submitted,

FITAPELLI & SCHAFFER, LLP
*Attorneys for Plaintiffs*
28 Liberty Street, 30th Floor
New York, New York 10005
Tel. No. (212) 300-0375

By: _____
    Joseph A. Fitapelli

REED SMITH LLP
*Attorneys for Defendant*
599 Lexington Avenue
New York, New York 10022
Tel. No. (212) 521-5400

By: _____
    Mark S. Goldstein

-7-

                                                Laura M. Bedson

SO ORDERED on this _____ day of _____, 2018.

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge